UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

Eugene D. Roth, Esq.
Law Office of Eugene D. Roth
2520 Hwy 35, Suite 307
Manasquan, New Jersey 08736
Attorneys for the Debtors

**Order Filed on March 15, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Richard R. Ciarelli and Linda Ciarelli

　　　　　　　　　　　Debtor.

Chapter 13

Case No. 22-13306

Hearing Date: March 15, 2023

Judge: Christine M. Gravelle, U.S.B.J.

**ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE ANDCLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES ANDINTERESTS AND APPROVING PAYMENT TO ALLOWED SECURED CLAIMS**

　　　　The relief set forth on the following pages numbered two (2) through five (5) is hereby

**ORDERED**.

**DATED: March 15, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor:            Richard R. Ciarelli and Linda Ciarelli
Case No.:          22-13306 (CMG)
Caption of Order:  ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND APPROVING PAYMENT OF ALLOWED SECURED CLAIMS

_____

This matter having been brought by Richard R. Ciarelli and Linda Ciarelli (the "Debtors"), by and through their counsel, the Law Offices of Eugene D. Roth by Motion (the "Sale Motion") for the entry of an order pursuant to Section 363(b), (f) of the United States Bankruptcy Code (the "Bankruptcy Code") authorizing and approving the sale of real property identifiable as 20 Buckingham Drive, Ocean, NJ 07712 (the "Property"), free and clear of all liens, claims, encumbrances and interests; and due and proper notice of the Sale Motion having been provided to all parties required to receive notice; and it appearing that the relief requested in the Sale Motion is in the best interest of creditors and the estate; and any objections to the Sale Motion having been resolved, withdrawn or overruled by this Court; and good and sufficient cause appearing for the granting of the relief requested in the Sale Motion,

IT IS HEREBY ORDERED:

1. The Sale Motion is granted, however the authorization of the Debtors to close on the sale of the Property to Clenio A de Deus (the "Purchaser") shall be conditioned upon the Debtors obtaining Final Short Sale Approval from the Secured Creditor on the Property, Mill City Mortgage Loan Trust 2019-GS2 c/o NewRez LLC d/b/a Shellpoint Mortgage Servicing (the "Mortgagee") and in the interim, the Debtors shall be required to continue to make their monthly payments to the Mortgagee until closing.

2. The Contract of Sale and Addendum, annexed hereto as Exhibit A, are hereby approved subject to the conditions provided for in Paragraph 1 hereof.

Page 3
Debtor:            Richard R. Ciarelli and Linda Ciarelli
Case No.:          22-13306 (CMG)
Caption of Order:  ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND APPROVING PAYMENT OF ALLOWED SECURED CLAIMS

_____

3. Pursuant to Section 363(b) and (h) of the Bankruptcy Code, the Debtors are authorized and directed to sell the Property to the Purchaser, Clenio A de Deus, subject to the conditions provided for in Paragraph 1 hereof.

4. Pursuant to Section 363(f) of the Bankruptcy Code, the sale of the Property to the Purchasers shall be free and clear of any and all liens, claims, encumbrances and interests.

5. At closing, the Debtors shall utilize the proceeds from the sale of the Property to pay the Secured Creditor on the Property, Mill City Mortgage Loan Trust 2019-GS2 c/o NewRez LLC d/b/a Shellpoint Mortgage Servicing; any outstanding real estate taxes and/or municipal charges; any open or outstanding tax sale certificates; the professionals noted in the Notice of Private Sale filed simultaneously with the Sale Motion; and customary closing costs.

6. The balance of any non-exempt proceeds from the sale of the Property shall be paid to the Chapter 13 Trustee.

7. The sale of the Property to the Purchasers shall constitute a legal, valid and effective transfer of title to the Property.

8. The Debtors are authorized and directed to execute and deliver such documents and take such other actions as may be necessary, desirable or appropriate to effect, implement and/or consummate the sale of the Property to the Purchaser without further application to the Court.

Page 4
Debtor:         Richard R. Ciarelli and Linda Ciarelli
Case No.:       22-13306 (CMG)
Caption of Order:   ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND APPROVING PAYMENT OF ALLOWED SECURED CLAIMS

_____

9. The Court shall have jurisdiction to (a) implement, interpret, consummate and/or effectuate the provisions of this Order; and (b) resolve any disputes relating to the sale of the Property and distribution of the proceeds thereof.

10. Pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal shall not affect the validity of the transfer authorized herein unless the transfer is stayed pending appeal and prior to closing.

11. The Debtors' authorization to sell the subject property shall expire sixty (60) days from the date of entry of this Order, unless an Order extending time to close is entered by this Court upon Application and proper notice.

12. The fourteen (14) day stay on an order authorizing the use, sale or lease of property found in Federal Rules of Bankruptcy Procedure 6004(h) is hereby waived.

13. A copy of the signed HUD/Settlement Statement shall be provided to the Chapter 13 Trustee within seven (7) days of the closing

14. Movants shall serve a copy of the executed Order on all interested parties who have not yet been served electronically by the Court.